IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Brian Simon,** § § § | |
| Plaintiff, § § | **Civil Action No. 1:22-cv-00427** |
| v. § § | |
| **All Web Leads, Inc., d/b/a** § **InsuranceQuotes.com,** § § | **Jury Trial Demanded** |
| Defendants. § § | |

# COMPLAINT

**Brian Simon** (hereinafter referred to as "Mr. Simon" or "Plaintiff"), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **All Web Leads, Inc., d/b/a InsuranceQuotes.com** (hereinafter referred to as "AWL" or "Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.* and the South Carolina Telephone Privacy Protection Act (hereinafter referred to as "SCTPPA"), S.C. Code § 37-21-10 *eq. seq.*.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

1

3. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4. Defendant regularly conducts business in the State of Texas.

5. Further, Defendant maintains its corporate headquarters with the Western District of Texas at 7300 Ranch to Market 2222 Building 2 Suite 100, Austin, TX 78730.

6. The occurrences from which Plaintiff's cause of action arises took place in the State of Texas.

7. Accordingly, this Court has personal jurisdiction over Defendant in this matter.

8. Furthermore, venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

9. Plaintiff is a natural person residing in Chapin, South Carolina 29036.

10. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant AWL is a corporation with its principal place of business, head office, or otherwise valid mailing address at 7300 Ranch to Market 2222 Building 2 Suite 100, Austin, TX 78730.

12. AWL is a company in the business of connecting consumers with insurance providers and providing consumers with a place to shop and compare insurance policies.

13. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39)

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**FACTUAL ALLEGATIONS**

15. At all times relevant hereto, Plaintiff maintained a cellular telephone, the number for which was (803) XXX-0088.

16. At all times relevant hereto, Plaintiff primarily used that cell phone for residential purposes.

17. Plaintiff used that cell phone to communicate with friends and family, order food, listen to music, and other personal and residential purposes.

18. Plaintiff registered that cell phone number on the Do Not Call Registry on or around October 21, 2005.

19. Plaintiff registered that cell phone number on the Do Not Call list in order to obtain solitude from unwanted telemarketing and solicitation calls.

20. Beginning on or around May 2020, Defendant began calling Mr. Simon on his cellular telephones to sell Plaintiff an insurance policy.

21. Because Plaintiff resides in South Carolina and his telephone number has a South Carolina based area code, Defendant purposefully and knowingly availed itself to South Carolina through its calls to Plaintiff and its efforts to solicit business from Plaintiff.

22. Prior to receiving calls from Defendant, Plaintiff never sought information about the policies that Defendant sought to sell to Plaintiff, nor did Plaintiff seek any information about any insurance policies prior to receiving the communications from Defendant.

23. Plaintiff did not consent to being contacted by Defendant.

24. The calls were not made for "emergency purposes," but rather for telemarketing purposes.

25. Despite registration on the Do Not Call Registry, Defendant placed calls to Mr. Simon on numerous occasions attempting to sell Plaintiff an insurance policy that Plaintiff had no interest in.

26. Defendant placed calls which utilized a pre-recorded voice notifying Plaintiff the call was for health insurance, despite Plaintiff having health insurance for the previous 15 years and having no desire to seek new insurance.

27. In total, Defendant placed at least 10 calls to Plaintiff.

28. An inexhaustive list of those calls to Plaintiff's personal phone ending in 8396 is below

| Date: | Caller ID: |
|---|---|
| May 9, 2020 1:08 pm | (803) 621-3050 |
| May 11, 2020 9:57 am | (803) 621-3050 |
| May 11, 2020 11:58 am | (803) 621-3050 |
| May 11, 2020 | (803) 621-3050 |
| May 12, 2020 9:15 am | (803) 621-3050 |
| May 12, 2020 11:47 am | (803) 621-3050 |
| May 12, 2020 4:16 pm | (803) 621-3050 |
| May 13, 2020 9:33 am | (803) 621-3050 |
| May 13, 2020 11:37 am | (803) 621-3050 |
| May 13, 2020 1:40 pm | (803) 621-3050 |

29. Upon information and belief, Plaintiff received additional calls from Defendant not included in the above.

30. Many of the calls placed by Defendant to Mr. Simon began with an automated voice informing him that the Defendant was contacting the Plaintiff for information about health insurance.

31. Several of the calls utilized the exact same recording.

32. In an effort to ascertain the identity of the party making the harassing calls, Plaintiff engaged with Defendant's agents.

33. During at least one of the calls, one of Defendant's agents identified "InsuranceQuotes" as the party behind the calls.

34. As a result of the foregoing, Plaintiff experienced frustrations, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

35. The foregoing acts and omissions were in violation of the TCPA and South Carolina Telephone Privacy Protection Act.

## COUNT I
### **<u>DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)</u>**

36. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

38. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using a pre-recorded voice.

39. Defendant's calls were not made for "emergency purposes."

40. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

41. Defendant contacted Plaintiff despite the fact that Plaintiff's number was listed on the Do Not Call Registry since as early as 2005.

42. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

43. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

44. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT II**
**DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)**

45. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

46. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

47. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2005.

48. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

6

49. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

50. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED SOUTH CAROLINA TELEPHONE PRIVACY PROTECTION ACT

51. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

52. §37-21-70 of the South Carolina Telephone Privacy Protection Act (SCTPPA) prohibits sellers from engaging in telephone solicitations to a purchaser located in this state when that telephone number appears on the National Do Not Call Registry maintained by the federal government pursuant to the Telemarketing Sales Rule, 16 C.F.R. Part 310, and 47 C.F.R. Section 64.1200.

53. Defendants violated the SCTPPA when their representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without first having prior express written consent.

54. §37-21-80 of the SCTPPA provides that a person who violates this chapter is subject to a civil penalty of $1,000 for each violation and $5,000 of each willful violation. Furthermore, §37-21-80(c) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Brian Simon,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §37-21-70 of the South Carolina Telephone Privacy Protection Act;

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5);

    d.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5));

    f.    Statutory damages of $1,000.00 per violation (as provided under §37-21-80 of the South Carolina Telephone Privacy Protection Act);

    g.    Additional treble damages of $5,000.00 per violation (as provided under §37-21-80 of the South Carolina Telephone Privacy Protection Act);

    h.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to § 37-21-80 of the South Carolina Telephone Privacy Protection Act);

    i.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    j.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Brian Simon**, demands a jury trial in this case.

Respectfully submitted,

Dated: May 6, 2022          By: */s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: teamkimmel@creditlaw.com